**UNITED STATES DISTRICT COURT**
**District of New Jersey**

CHAMBERS OF
JOSE L. LINARES
JUDGE

MARTIN LUTHER KING JR.
FEDERAL BUILDING & U.S. COURTHOUSE
50 WALNUT ST., ROOM 5054
P.O. Box 999
Newark, NJ 07101-0999
973-645-6042

**NOT FOR PUBLICATION**

**LETTER OPINION**

July 3, 2008

Joseph A. Boyle
Kelley Drye & Warren LLP
200 Kimball Drive
Parsippany, New Jersey 07054

Joseph S. D'Amico, Jr.
Fitzpatrick Lenz & Bubba P.C.
Stabler Corporate Center
4001 Schoolhouse Lane
P.O. Box 219
Center Valley, PA 18034-0219

Re:   **Cryofab, Inc. v. Precision Medical, Inc.**, Civil Action No. 08-1236 (JLL)

Dear Counsel:

This matter is before the Court on Defendant Precision Medical, Inc.'s ("Defendant" or "Precision Medical") motion to (1) dismiss Count II of Plaintiff Cryofab, Inc.'s ("Plaintiff" or "Cryofab") complaint (the "Complaint"), (2) provide a more definite statement in the Complaint, and (3) strike Plaintiff's request for attorneys' fees. For the reasons set forth herein, the Court denies Defendant's motions.[1]

**I.   Factual and Procedural History**[2]

Cryofab, a New Jersey corporation, and Precision Medical, located in Pennsylvania,

---

[1]  The Court retains jurisdiction over this diversity action pursuant to 28 U.S.C. § 1332.

[2]  The facts recited herein are culled from the Complaint and are taken as true for purposes of this motion.

entered into an agreement in 2002 (the "Agreement") in which Precision Medical would purchase 21,000 cryogenic dewar units[3] from Cryofab in exchange for Cryofab's development of a manufacturing system to produce said dewar units. (Compl., ¶¶ 3, 5.) Under the Agreement, Cryofab undertook an obligation to expend time, resources, and money to create said system. (Id. at ¶ 4.) Defendant purchased approximately 4,415 dewar units, but has failed to make purchases up to its obligated minimum. (Id. at ¶¶ 6, 8.) In fact, Defendant has not purchased any dewar units from Plaintiff since September 2007, allegedly due to the fact that Defendant has "found an alternative source for these cryogenic dewars." (Id. at ¶¶ 7, 17.)

On February 13, 2008, Plaintiff filed the five-count Complaint in New Jersey Superior Court, Law Division, Union County, for breach of the Agreement (Count I), breach of the covenant of good faith and fair dealing (Count II), and promissory estoppel (Count V), and seeking, inter alia, a declaratory judgment (Count III), specific performance (Count IV), and attorneys' fees (Prayer for Relief). On March 10, 2008, Precision Medical removed the action to this Court and filed the motion currently before the Court thereafter.

## II.     Legal Standards

### A.     Rule 12(b)(6)

The applicable inquiry under Federal Rule of Civil Procedure 12(b)(6) is well-settled. Courts must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party.[4] See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982); Allegheny Gen. Hosp. v. Philip Morris, Inc., 228 F.3d 429, 434-35 (3d Cir. 2000). However, courts are not required to credit bald assertions or legal conclusions improperly alleged in the complaint. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429 (3d Cir. 1997). Similarly, legal conclusions draped in the guise of factual allegations may not benefit from the presumption of truthfulness. See In re Nice Sys., Ltd. Sec. Litig., 135 F. Supp. 2d 551, 565 (D.N.J. 2001).

A sound complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v.

---

[3] While the parties do not define "cryogenic dewar unit" for the Court, upon its own research, the Court concluded that a cryogenic dewar is a container with an evacuated space between two walls that are highly reflective, used to maintain the contents of the dewar at a temperature lower than ambient temperature over a relatively long period of time.

[4] In doing so, a court may look only to the facts alleged in the complaint and any accompanying attachments, and may not look at the record. See Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1251, 1261 (3d Cir. 1994).

Twombly, 127 S.Ct. 1955, 1964-65 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Moreover, "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Id. Ultimately, however, the question is not whether plaintiffs will prevail at trial, but whether they should be given an opportunity to offer evidence in support of their claims. Scheuer, 416 U.S. at 236.

      B.      **Rule 12(e)**

Rule of Civil Procedure 12(e) permits a defendant to make a motion for a more definite statement "[i]f a pleading . . . is so vague and ambiguous that a party cannot reasonably be required to frame a responsive pleading." Such a motion "shall point out the defects complained of and the details desired." Fed. R. Civ. P. 12(e). Whether to grant such a motion is soundly within the district court's discretion. Clark v. McDonald's Corp., 213 F.R.D. 198, 232 (D.N.J. 2003). When a complaint does not provide a defendant notice of the facts underlying the plaintiff's claim(s), the defendant cannot adequately frame a proper response. The "Rule 12(e) motion for a more definite statement is perhaps the best procedural tool available to the defendant to obtain the factual basis underlying [the] plaintiff's claim for relief." Thomas v. Independence Tp., 463 F.3d 285, 301 (3d Cir. 2006).

      C.      **Rule 12(f)**

Under Rule 12(f) of the Federal Rules of Civil Procedure, "[t]he Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The Court may act either "on its own" or on a motion by a party. Fed. R. Civ. P. 12(f)(1)-(2). "The purpose of a motion to strike is to simplify the pleadings and save time and expense by excising from a plaintiff's complaint any redundant, immaterial, impertinent, or scandalous matter which will not have any possible bearing on the outcome of the litigation." Garlanger v. Verbeke, 223 F. Supp. 2d 596, 609 (D.N.J. 2002) (citing Bristol-Myers Squibb Co. v. Ivax Corp., 77 F. Supp. 2d 606, 619 (D.N.J. 2000)); see F.D.I.C. v. White, 828 F.Supp. 304, 307 (D.N.J. 1993) ("[C]ourts recognize that a motion to strike can save time and litigation expense by eliminating the need for discovery with regard to legally insufficient defenses"). "[M]otions to strike are usually 'viewed with disfavor' and will generally 'be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues.' " Garlander, 223 F. Supp. 2d at 609 (quoting Tonka Corp. v. Rose Art Industries, Inc., 836 F. Supp. 200, 217 (D.N.J. 1993)); see AMEC Civil, LLC v. DMJM Harris, Inc., No. 06-64, 2007 WL 433328, at *4 (D.N.J. Feb. 6, 2007). In fact, "Rule 12(f) should be construed strictly against striking portions of the pleading on grounds of immateriality and if the motion is granted at all, the complaint should be pruned with care." Morgan Home Fashions, Inc. v. UTI, United States, Inc., 03-772, 2004 WL 1950370, at *8 (D.N.J. Feb. 9, 2004) (Linares, J.). With these frameworks in mind, the Court turns now to Defendant's arguments.

**III.     Discussion**

     **A.     Motion to Dismiss Count II**

Defendant moves to dismiss Plaintiff's claim for breach of the covenant of good faith and fair dealing because Pennsylvania law only recognizes said cause of action in limited circumstances. (Def. Br. at 6.) Defendant contends that any agreement to which Plaintiff refers in the Complaint includes a choice of law provision opting for Pennsylvania law. (Id.) Plaintiff argues that the applicable law governing this action is unresolved and contested. (Pl. Br. at 7.)[5]

As an initial matter, Defendant fails to provide any evidence of the alleged choice of law provision. While Plaintiff did not attach the agreement at issue to its Complaint, Defendant also failed to furnish the Court with a copy of the Agreement. The Court may have considered a copy of the Agreement so long as Plaintiff had relied on it in the Complaint–even if Defendant had attached it to the motion to dismiss papers. See Pension Ben. Guar. Corp. v. White Consol. Industries, Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).[6]

Where the applicable law is contested in the absence of an agreed-upon, contractual "choice of law" provision, it is well-established that a district court sitting in diversity must apply the "choice of law" doctrine of the state in which it rests. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487 (1941). Thus, this Court would be required to consult New Jersey "choice of law" standards when deciding which law governs the current dispute. In interpreting relevant "choice of law" provisions in contracts, New Jersey has adopted the Restatement (Second) of Conflicts of Law analysis. See Instructional Systems Inc. v. Computer Curriculum Corp., 130 N.J. 324 (1992). Said analysis is fact-intensive: " 'Each choice-of-law case presents its own unique combination of facts-the-parties' residence, the place and type of occurrence and the specific set of governmental interest-that influence the resolution of the choice-of-law issue presented.' " Warriner v. Stanton, 475 F.3d 497, 500 (3d Cir. 2007) (quoting Erny v. Estate of Merola, 171 N.J. 86, 108 (2002)). For this reason, district courts may refuse to entertain motions based on a "choice of law" inquiry at the motion to dismiss stage where fact-intensive determinations are essential to the final judgment. See Taylor v. JVC Americas Corp., No. 07-5049, 2008 WL 2242451, at *7 (D.N.J. May 30, 2008). Without corroborating evidence of an agreed-upon

---

[5] Plaintiff suggests that the applicable law is New Jersey law in stating that Cryofab is a New Jersey corporation with its principal place of business in the same and that the place for performance of the contract is New Jersey. (Pl. Br. at 8.)

[6] The parties' failure to attach a copy of the Agreement to the Complaint or the pleadings gives the Court pause regarding whether the Agreement is oral or written. The existence of an agreement in any form – and any applicable affirmative defenses – are questions to be resolved through discovery. See Kaufman v. Provident Life and Cas. Ins. Co., 828 F. Supp. 275, 282 (D.N.J. 1992), aff'd, 993 F.2d 877 (3d Cir. 1993) (resolving issues of contract construction on summary judgment).

choice of law provision and without a more developed record on this issue, the Court will refrain from performing its own "choice of law" analysis under New Jersey common law at this time.

The Court need only determine if the Complaint contains "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element" in order to allow Count II to remain.  See Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quotations omitted) (quoting Bell Atlantic Corp. v. Twombly, -- U.S. --, 127 S.Ct. 1955, 1965 (2007)).  Cryofab has presented a set of facts where New Jersey law governs this action.  See n.4, supra.  New Jersey recognizes that every contract contains an implied covenant of good faith and fair dealing.  Sons of Thunder, Inc. v. Borden, Inc., 148 N.J. 396, 420 (1997).  To state a claim for breach of an implied covenant of good faith and fair dealing, the plaintiff must (1) allege that the defendant's conduct destroyed plaintiff's reasonable expectations and right to receive the fruits of the contract, Id. at 423, and (2) make a showing of the defendant's "bad motive or intention," Dewey v. Volkswagen AG, --- F. Supp. 2d ---, 2008 WL 878324, at *20 (D.N.J. April 1, 2008)(citing Wilson v. Amerada Hess Corp., 168 N.J. 236, 251 (2001)).  Count II of the Complaint satisfies these requirements: Cryofab alleges that Defendant's failure to purchase the required amount of cryogenic dewar units – or tender the revenue associated with the 21,000 dewar units – stripped Plaintiff of its reasonable expectations of receiving the fruits of the Agreement (Compl., ¶ 18) because Defendant has acted with a bad motive in procuring said dewar units from an alternate source (see id. at ¶ 17).  Count II of the Complaint thus comports with the requirements of Rule 8(a) and Defendant's motion to dismiss said count is denied.

### B.      Motion for a More Definite Statement

Precision Medical argues that it cannot "fully appreciate" and "respond appropriately" to the allegations in the Complaint unless and until Cryofab provides more specificity of its claims. (Def. Br. at 4.)  Specifically, Precision Medical states that it cannot answer, admit, or deny Cryofab's allegations without being provided with the terms of the contract on which Cryofab bases its claims.  (Id. at 4-5.)

The standard under which the Court examines the sufficiency of the allegations Complaint is stringent – if the allegations are "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading."  See Fed. R. Civ. P. 12(e).  The test for a motion for a more definite statement does not turn on what is missing from a complaint, but rather, whether the plaintiff provided notice of the facts underlying Plaintiff's claims.  See Thomas 463 F.3d at 301.  Here, although Defendant points to the "details desired," the terms of the contract, the Court finds that Cryofab has provided ample allegations to withstand the motion for a more definite statement.

While it is unclear whether Defendant references specific counts in this portion of its motion (Counts I, III, IV, and V) to illustrate a general claim that the Complaint is too vague, or if Defendant's motion only applies to those particular counts, the Court will address the former, more comprehensive interpretation, to provide a thorough determination of the instant motion.

### 1. Count I: Breach of Contract

To state a claim for breach of contract under New Jersey law, a party must set forth allegations showing (1) a contract existed between the parties, (2) a breach of that contract, (3) damages flowing from said breach; and (4) that the party stating the claim performed its obligations in accordance with that contract. Fredrico v. Home Depot, 507 F.3d 188, 203 (3d Cir. 2007); Peterpaul v. Reger, No. 07-1312, 2007 WL 4570321, at *2 (D.N.J. Dec. 26, 2007) (Linares, J.).[7] Count I of the Complaint contains the allegations necessary to state a claim for breach of contract: Cryofab alleges that (i) the parties entered into the Agreement in 2002, (ii) Defendant breached the same by failing to fulfill its obligations under the Agreement, (iii) it suffered a loss of the revenue it would have received had Defendant satisfied its obligations, and (iv) it has fulfilled all of its obligations under the Agreement. (Compl. at ¶¶ 3, 13, 12, 23, 31.) Thus, no more definite statement is needed in Count I of the Complaint.

### 2. Counts III and IV: Declaratory Judgment and Specific Performance

With respect to Counts III and IV, Defendant's issue stems from mere formatting error. In the Complaint, Plaintiff styled its request for declaratory judgment and specific performance as causes of action. (Compl. ¶¶ 20-21, 22-25.) However, both are remedies. See New Jersey Turnpike Auth. v. Parsons, 3 N.J. 235, 239 (1950) ("The [Declaratory Judgment] Act merely broadens the rationale of remedies long cognizable in equity . . . ."); Restatement (Second) Contracts § 345(b) ("The judicial remedies available for the protection of interests [under a contract] include a judgment or order . . . requiring specific performance of a contract"). Since the Court finds that the Complaint as a whole passes muster under Rule 8(a), Plaintiff need not provide a more definite statement in Counts III and IV.[8]

### 3. Count V: Promissory Estoppel

Cryofab has sufficiently plead the elements of promissory estoppel in Count V such that a more definite statement is not required. In order to state a claim for promissory estoppel, the plaintiff must allege: (1) a clear and definite promise by the promisor; (2) made with the expectation that the promisee will rely thereon; (3) that the promisee reasonably reliance on the promise; (4) to the promisse's definite and substantial detriment. Lobiondo v. O'Callaghan, 357 N.J. Super. 488, 499 (App. Div. 2003); see Restatement (Second) of Contracts § 90 ("A promise which the promisor should reasonably expect to induce action or forbearance on the part of the

---

[7] Pennsylvania law sets out similar requirements to state a claim for breach of contract. See Ware v. Rodale Press, Inc. 322 F.3d 218, 225 (3d Cir. 2003) (quoting Corestats Bank, Nat'l Assn. v. Cutillo, 1999 Pa. Super. 14, 723 A.3d 1053, 1058 (1999)).

[8] Any further ambiguities regarding this request can be resolved during discovery. See Walker v. Wentz, No. 6-2411, 2008 WL 450438, at *6 (M.D.Pa. Feb. 15, 2008).

promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise. The remedy granted for breach may be limited as justice requires.").[9] Plaintiff states that (1) Defendant promised to purchase at least 21,000 cryogenic dewars from Plaintiff, (2) Defendant made this representation and promise with the expectation that Plaintiff would reasonably rely on the same (id. at ¶ 28), (3) Plaintiff in fact did reasonably rely on said representation (id.), and (4) Plaintiff has been damaged by Defendant's failure to abide by the representation and promise through the loss of revenue that would have been gained had Defendant kept his promise. (Compl. ¶¶ 27, 28, 31.) Count V will suffice in stating a claim for promissory estoppel and no more definite statement is required. Consequently, Precision Medical's motion for a more definite statement is denied.

### C. Motion to Strike Request for Attorneys' Fees

Defendant contends that Cryofab's request for attorneys' fees must be stricken from the Complaint because, under Pennsylvania law, attorneys' fees may not be awarded unless authorized by statute. (See Def. Br. at 7-8.) It has not been established at this juncture whether Pennsylvania law governs this action. See Part III.A, supra. Defendant offers no further argument as to why such a request for relief is "redundant, immaterial, impertinent, or scandalous" such that it must be stricken. The availability of attorneys' fees can be resolved throughout the course of the litigation. Because this Court is "cautious about disturbing the pleadings unless the allegations clearly have no possible bearing upon the subject matter of the litigation" if no harm will befall a defendant, the Court denies Precision Medical's motion to strike. See Morgan Home Fashions, 2004 WL 1950370, at *8.

## IV. Conclusion

For the aforementioned reasons, the Court denies Precision Medical's motion to (1) dismiss Count II of the Complaint, (2) provide a more definite statement, and (3) strike Plaintiff's request for attorneys' fees. An appropriate Order accompanies this Letter Opinion.

/s/ Jose L. Linares
United States District Judge

---

[9] In Pennsylvania courts, a plaintiff must make similar allegations to withstand a motion to dismiss on a claim of promissory estoppel. See Cornell Companies, Inc. v. Borough of New Morgan, 312 F. Supp. 2d 238, 266 (quoting Crouse v. Cyclops, Indus., 560 Pa. 394, 745 A.2d 606, 610 (2000)).